GORDON, GORDON & SCHNAPP, P.C.
30 BROAD STREET / 21ST FLOOR
NEW YORK, NEW YORK 10004
T 212-355-3200 / F 212-355-3292

KENNETH E. GORDON
ELLIOT SCHNAPP
JAMES M. THAYER*
*ADMITTED IN NY & NJ

MURRAY A. GORDON
(1944–1985)

July 2, 2018

Hon. Judith C. McCarthy
United States Magistrate Judge
United States District Court for the
Southern District of New York
300 Quarropas Street, Courtroom 421
White Plains, NY 10601

Re.: Prendergast and Greater NY Transport, Inc.
v. Quesada and J.A.A.R. Transport, Inc.
17-CV-08250

Dear Judge McCarthy:

My firm is counsel for the plaintiffs in the referenced action. Please accept this letter as a motion to compel defendants to comply with previously agreed to discovery deadlines.

As the Court may recall, by my letter dated March 21, 2018, which this Court memo endorsed, I requested a 90 day extension of the then existing fact discovery deadline of April 20, 2018. As a result of the 90 day extension granted by the Court, the currently existing fact discovery deadline is July 19, 2018, a bit more than two weeks from today.

Following the granting of the deadline extension, I conferred with counsel for the defendants on a new discovery schedule. We agreed that responses to document requests 9which previously had been served) would me made by May 31, 2018; that the deposition of defendants would be taken on an agreed date on or before June 13, 2018; and that the deposition of plaintiffs would be taken on an agreed date on or before June 25, 2018.

On May 30, 2018, I wrote to counsel for defendants by email to advise that our responses to outstanding document requests would be delayed by at least a week. Counsel for defendants replied that his clients too wold need additional time, and further advised that defendants "will try to make accommodations to get you responses."

On June 14, 2018, plaintiffs responded (via email) to defendants' document requests and Interrogatories, producing 624 pages of documents, and advising defendants counsel that several hundred additional pages of documents (which were not as directly pertinent to the issues in dispute) wold be made available for inspection at a mutually convenient time.

Thereafter, I heard nothing from defendants counsel as to when his clients would be responding to outstanding document requests. Accordingly, on June 28, 2018, I emailed defendants' counsel to advise that if we did not hear from him by Monday, July 2, 2018, we would have no choice but to bring the matter to the Court's attention With the exception of an automatically generated email informing me that defendants' counsel would be out of the office that day (i.e., June 28, 2018), I have heard nothing further from counsel.

As the Court is aware, document production almost always is a necessary pre-requisite to the efficient taking of depositions. Accordingly, until defendants' comply with their obligations to produce documents, their depositions cannot practically be held. Given where we are in the existing discovery schedule (i.e., approximately 17 days before the deadline for the completion of fact discovery), it appears increasingly likely that yet another extension will be required. Even more importantly, it appears as though defendants have chosen a strategy of delay that will only be curbed by the active intervention of this Court. Accordingly, plaintiffs request that the Court direct the defendants to respond to plaintiffs' outstanding document requests, and to produce responsive documents, by a date certain.

Thank you for your consideration.

Very truly yours,

Elliot Schnapp

cc.: Steven DePalma (via email).

263L05-3/18