

Santomassimo Davis LLP
OUTSIDE GENERAL COUNSEL
OGCSOLUTIONS.COM

1 Gatehall Drive, Suite 100
Parsippany, New Jersey 07054
Telephone: (201) 712-1616
Facsimile: (201) 712-9444
Attorneys for Defendants

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Greater New York Transport and Nick Prendergast, Plaintiffs, <br><br> vs. <br><br> J.A.A.R. Transport Inc., and Raul Quesada, Defendants. | Civil Action No. 17-CV-8250 |

## CONSENT JUDGMENT

**WHEREAS**, Plaintiffs Greater New York Transport and Nick Prendergast, having filed their Complaint on August 28, 2017 against Raul Quesada and J.A.A.R. Transport Inc. (Quesada and J.A.A.R. Transport Inc. collectively, "Defendants") in the Supreme Court of New York, County of Rockland, Index No. 034172/2017 ("State Action");

**WHEREAS**, on September 27, 2017, Defendants removed the State Action pursuant to 28 U.S.C. §§ 1441 and 1446, to the United States District Court for the District of New Jersey;

**WHEREAS**, on October 26, 2017, the matter was transferred to this Court which is the federal judicial district within which the State Action was pending;

{00576988 - 1}

**WHEREAS,** the Parties, by their respective attorneys having consented to the entry of this Consent Judgment without trial or adjudication of any issue of fact or law, and without this Consent Judgement constituting evidence against or admission by any party with respect to any issue of fact or law;

**NOW,** therefore, before the taking of any testimony and without trial or adjudication of any issue of fact or law, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

## I. JURISDICTION

This Court has jurisdiction of the subject matter and each of the parties to this action pursuant to 28 U.S.C. § 1332(c). The Complaint and Counterclaim state claims upon which relief may be granted against the parties. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2).

## II. APPLICABILITY

This Consent Judgment applies to the Plaintiffs and Defendants, and their officers, directors, administrators, agents, employees, successors and assigns and to all other persons in active concert or participation with any of them who receive notice of this Consent Judgment.

## III. SETTLEMENT AGREEMENT

The Parties, having agreed to a settlement of all potential claims between them; and the Parties having memorialized said agreement on October 29, 2020 ("Settlement Agreement"); the Parties thereby shall comply with all of the Agreed Terms set forth in the Settlement Agreement, which is attached hereto as "**Exhibit A**" and is made a part this Consent Judgment.

## IV. AMOUNT OF JUDGMENT

1. Pursuant to Paragraph 1(c) of the Settlement Agreement, Defendant Quesada agrees to a judgment against him personally in the amount of One Hundred Forty-Five Thousand and 00/100 U.S. Dollars ($145,000.00) ("Amount of Judgment"). Plaintiffs shall not to take any efforts to enforce this judgment against Quesada until the latter of the following: (i) Quesada fulfills his payment obligations set forth in Section 1(b) or otherwise defaults on that obligation; and (ii) the Bankruptcy Action is fully administered by the Trustee. Except as expressly set forth

{00576988 - 1}

in this paragraph 1 of Section IV of this Consent Judgment, all claims asserted in Plaintiffs' Complaint and Defendant's Counterclaims are hereby dismissed with prejudice.

2. Pursuant to Paragraph 1(e) of the Settlement Agreement, Quesada shall assign any and all monies distributed to him as the equity holder of J.A.A.R. Transport Inc. from the administration of the Bankruptcy Action to Plaintiffs. Quesada shall not retain any of the equity from the administration of the Bankruptcy Action so long as the Amount of the Judgment remains unsatisfied. Quesada shall receive a dollar-for-dollar credit against the Amount of Judgment for all monies Plaintiffs actually received from either J.A.A.R. Transport Inc. or Quesada through the assignment set forth in Paragraph 1(c) of the Settlement Agreement.

## IV.  OTHER TERMS

1. This Consent Judgment shall remain in force until such time as the Parties completely discharge their all of their obligations set forth in the Settlement Agreement.

2. This Court retains jurisdiction for the duration of this Consent Judgment to enforce its terms. The parties may jointly seek to modify the terms of this Consent Judgment, subject to the approval of this Court. This Consent Judgment may be modified only by order of this Court.

3. The Effective Date of this Consent Judgment shall be the date on which the Consent Judgment has been entered by the Court and has become final and non-appealable. An order entering the Consent Judgment shall be deemed final and non-appealable for this purpose if there is no party with a right to appeal the order on the day it is entered.

4. Each party to this litigation will bear its own costs and attorneys' fees associated with this litigation.

**SO ORDERED** this __1st__ day of __December__, 2020

_____
Philip M. Halpern
**UNITED STATES DISTRICT JUDGE**

{00576988 - 1}

Dated: 11-25-2020

For Plaintiffs:

_____
Elliot Schnapp, Esq.

Dated: 11/25/2020

For Defendants:

_____
Steven C. DePalma, Esq.